UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Raul Arellano,<br><br>                    Plaintiff,<br><br>v.<br><br>City of San Diego, et al.,<br><br>                    Defendants. | Case No.: 16-CV-2536 JLS (KSC)<br><br>**ORDER REMANDING CASE**<br><br>(ECF Nos. 1, 3, 5, 8) |

Presently before the Court is Defendants City of El Cajon, City of San Diego, and County of San Diego's (collectively, "Defendants") Notice of Removal. (ECF No. 1.) Also before the Court are various motions to dismiss filed by Defendants. (ECF Nos. 3, 5, 8.) For the following reasons the Court **REMANDS** this action to the Superior Court of California, County of San Diego.

## BACKGROUND

Plaintiff brings this negligence and intentional tort action against Defendants. (Compl. 5[1], ECF No. 1-2.) Plaintiff filed his Complaint in state court on April 28, 2016. (*Id.*) On October 11, 2016, Defendants filed a Notice of Removal. (Not. of Removal, ECF No. 1.) Defendants' Civil Cover Sheet indicates that the basis for removal is federal

---

[1] Pin citations refer to the CM/ECF numbers electronically stamped at the top of each page.

1

question jurisdiction.  (*See* ECF No. 1-1.)

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court.  28 U.S.C. § 1441(a).  Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction.  Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship.  28 U.S.C. § 1332.  Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  Moreover, courts "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

"[F]ederal courts are under an independent obligation to examine their own jurisdiction."  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

## ANALYSIS

Because the Court lacks subject-matter jurisdiction, removal was improper.  Defendants remove on the basis of a federal question (*see* Not. of Removal 2, ECF No. 1), but the Complaint does not present a federal question.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C § 1331.  Similarly, Article III of the U.S. Constitution grants federal courts the power to hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ."  *Id.*  Although the "arising under" language of § 1331 mirrors the language used in Article III,

courts have construed § 1331 more narrowly.  *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The Supreme Court has interpreted "arising under" in Article III to grant federal courts jurisdiction when federal law "forms an ingredient of the original cause." *Osborn v. Bank of the United States*, 22 U.S. 738, 822–25 (1824).  For purposes of § 1331, however, federal courts must apply the "well-pleaded complaint rule." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).  A cause of action arises under federal law for purposes of § 1331, and is therefore a basis for removal, "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Id.* (quoting *Mottley*, 211 U.S. at 152).

Here, Plaintiff's Complaint is premised on state law.  As Defendants admit, Plaintiff does not identify any federal code section that would support Defendants' argument that federal question jurisdiction exists.  (Not. of Removal 2, ECF No. 1.)  To the contrary, Plaintiff's Complaint simply identifies (1) general negligence and (2) intentional tort causes of action.  (Compl. 5, ECF No. 1-2.)  Plaintiff also uses these terms in describing his grievances against Defendants.  (*See, e.g.*, Compl. 15, ECF No. 1-2 ("This Agency's [sic] shall be held liable for Negligent Tort [a]nd its officers for Intentional Tort.").)  Even Defendant City of San Diego, a Defendant supporting removal, admits as much.  (ECF No. 3-1, at 2 n.1 ("While *this lawsuit alleges a negligence cause of action*, Case no.: 14-cv-2404-JLS (KSC) alleges actions under 42 U.S.C. §1983.") (emphasis added).)

In their Notice of Removal, Defendants insist that "[a]lthough plaintiff does not specify the code section, plaintiff's claim for violation of his constitutional rights in Mexico would involve rights actionable under 42 U.S.C. § 1983, and would be a claim arising under federal law," thus concluding that "[b]ecause there is federal question jurisdiction, the action is removable under 28 U.S.C. § 1441(a)." (Not. of Removal 2, ECF No. 1.)  The Court is not convinced.  To be sure, Plaintiff does mention "constitutional rights" in his Complaint.  (Compl. 13, ECF No. 1-2.)  However, there is no indication that Plaintiff is invoking *federal* as opposed to *state* constitutional rights.  The Court finds the latter to be more probable, since Plaintiff filed this suit in state court and, as Defendants readily admit,

Plaintiff already has a federal lawsuit asserting federal claims based on the same set of facts pending before this Court. (*See* Not. of Removal 2, ECF No. 1 ("Further, there is an essentially identical federal case already pending by this same plaintiff, and the same defendants. It is styled *Raul Arellano, Jr. v. San Diego County, et al.*, Case No. 14-cv-2404-JLS (KSC).").) And the Court has recently issued an Order on Defendants' various motions to dismiss in that case. *See* Case No. 14-cv-2404-JLS (KSC), ECF No. 58. Accordingly, the Court finds that Plaintiff's Complaint does not state a federal question. And when it appears that, prior to final judgment, this Court lacks subject-matter jurisdiction, the proper remedy is to remand the case. *See* 28 U.S.C. §1447(c).

## CONCLUSION

In light of the foregoing, the Court concludes that it lacks subject-matter jurisdiction. Accordingly, the Court hereby **REMANDS** this action to the Superior Court of California, County of San Diego. In light of the Court's *sua sponte* Order remanding this action, the Court **DENIES AS MOOT** Defendants' motions to dismiss. (ECF Nos. 3, 5, 8.)

**IT IS SO ORDERED.**

Dated: January 9, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge